SHERIFF'S ENTRY OF SERVICE          SC-85-2

Civil Action No. __21-C-00553-S4__

Date Filed __January 25, 2021__

| | | |
|---|---|---|
| Superior Court ☑ | Magistrate Court ☐ |
| State Court ☑ | Probate Court ☐ |
| Juvenile Court ☐ | |
| Georgia, __Gwinnett__ COUNTY | |

Attorney's Address

Sarah E. Hendrickson
Kenneth S. Nugent, P.C.
4227 Pleasant Hill Rd, Bldg 11
Duluth, GA 30096

Name and Address of Party to be Served

The Cheesecake Factory Restaurants, Inc.

by and through its RA: Corporation Service Company

40 Technology Pkwy South, Suite 300, Norcross, GA 30092

Tamara Geathers Webb
_____
Plaintiff

VS.

The Cheesecake Factory Restaurants, Inc.
_____

_____
Defendant

_____

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
☐ Served the defendant _The Cheesecake Factory_ a corporation by leaving a copy of the within action and summons with _Aid_ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _____ day of _____, 20 __ __.

_____
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

ARCO IDEAS & DESIGN, INC. (770) 386-2799

E-FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-00553-S
1/25/2021 1:47 PM

*Tiana P. Garner*

CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TAMARA GEATHERS WEBB, | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : |
| | : |
| THE CHEESECAKE FACTORY | : |
| RESTAURANTS, INC. | : |
| | : |
| **Defendant.** | : |

**CIVIL ACTION FILE NO.: 21-C-00553-S4**

### COMPLAINT FOR DAMAGES

COMES NOW TAMARA GEATHERS WEBB, Plaintiff in the above-styled action, by and through her counsel of record, and files this Complaint for Damages against THE CHEESECAKE FACTORY RESTAURANTS, INC., Defendant, and shows the Court as follows.

### PARTIES AND JURISDICTION

1.

The Plaintiff is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

2.

The Defendant THE CHEESECAKE FACTORY RESTAURANTS, INC., (hereinafter referred to as "Defendant"), is a Foreign Profit corporation and may be served with a copy of this Complaint through its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092, and is therefore subject to the jurisdiction of this court.

3.

Plaintiff submits herself to the jurisdiction of this Court for all matters arising from this action.

4.

Venue and jurisdiction are proper in this Court.

## SUMMARY OF FACTS

5.

This is a negligence action brought by Plaintiff to recover for all damages suffered as a result of injuries sustained upon the premises of the Cheesecake Factory Restaurant (hereinafter referred to as "Restaurant"), located at 3393 Peachtree Road NE, Suite 3076A, Atlanta, Georgia 30326.

6.

On or about June 13, 2019, Plaintiff was a business invitee of the Cheesecake Factory Restaurant, located at 3393 Peachtree Road NE, Suite 3076A, Atlanta, Georgia 30326.

7.

While a business invitee on the premises, the Plaintiff sat down on a barstool.

8.

One of the waiters was serving Plaintiff's food and was coming from behind while Plaintiff was sitting on a barstool.

9.

Plaintiff attempted to move out of the waiter's way and moved the barstool about half an inch forward. Suddenly, the barstool gave way on the slick floor and fell down.

10.

As a result, Plaintiff fell with a significant force on a cement floor with a high gloss finish and injured her neck, buttocks, right hand and left elbow.

2

11.

Plaintiff notified the manager and/or employees or agents of the Restaurant about the fall.

12.

Defendant failed to exercise ordinary care for the protection of its invitees from the dangerous and/or hazardous condition on their property.

13.

Solely as a result of Defendant's failure to properly maintain and/or monitor its premises and failure to maintain and/or inspect their floor and barstools, Plaintiff sustained serious injuries, including but not limited to, lumbar annular tear, pain in right arm, pain in right elbow, pain in right foot, muscle spasms, post-traumatic headaches, cervical disc bulges and herniations, lumbar disc bulges and herniations, neuralgia and neuritis.

14.

At all times relative to this incident, Plaintiff was exercising due care for her own safety.

15.

At all times relative to this incident, Plaintiff conducted herself as a reasonably and ordinarily prudent person would under the circumstances and had no knowledge of the existence of the hazardous conditions, prior to it causing her to fall.

16.

As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious injuries, pain and suffering, mental anguish, loss of the enjoyment of life, and other damages including, but not limited to, past medical expenses, lost wages and future medical expenses.

17.

But for the hazardous conditions then existent on Defendant's premises, Plaintiff would not have fallen and suffered serious physical injuries.

3

## COUNT I - NEGLIGENCE

18.

Plaintiff hereby incorporates herein by reference paragraphs 1-17 of his Complaint as if fully restated herein.

19.

Plaintiff seeks recovery for personal injuries sustained as a direct and proximate cause of Defendant's negligence, including the negligence of Defendant's agents and/or employees.

20.

Plaintiff seeks recovery for loss of income as a direct and proximate cause of Defendant's negligence, including the negligence of Defendant's agents and/or employees.

21.

At all times relevant, Defendant owed Plaintiff a duty to exercise that degree of care ordinarily possessed and exercised by owners, operators, and maintainers of premises open to invitees. This duty included, but was not limited to, Defendant's obligation to provide reasonable warning to invitees, such as Plaintiff, of the existence of hazardous conditions on its property.

22.

On or about June 13, 2019, Defendant failed in its duty of care to Plaintiff in that it did not adequately and reasonably provide warning to Plaintiff that its premises had hazardous conditions, such as an unreasonably slippery floor, or otherwise a defective chair, that collapsed and caused Plaintiff to fall.

23.

On or about June 13, 2019, Defendant failed in its duty of care to Plaintiff in that it did not provide warnings for its unreasonably slippery floor or did not provide proper seating in its bar area.

4

24.

As a result of the injuries Plaintiff sustained in the incident, she has incurred significant physical and mental pain and suffering as well special damages in the amount of $41,318.00 which is subject to being supplemented at the time of trial and is itemized as follows:

| | |
|---|---|
| Northside Emergency Associates | $653.00 |
| Northside Radiology Associates | $80.00 |
| Northside Hospital | $2,919.00 |
| Family Chiropractic and Rehab Center | $8,160.00 |
| Georgetown Clinic | $3,880.00 |
| Elite Radiology Associates | $3,900.00 |
| Peachtree Orthopaedic Clinic | $21,726.00 |
| **Total Medicals:** | **$41,318.00** |
| **Lost Wages:** | **$TBD** |

25.

Defendant is liable for all damages recoverable under Georgia law.

**WHEREFORE,** Plaintiff prays that she has judgment against Defendant as follows:

(a)     that summons issues and service be perfected upon Defendant requiring the Defendant to appear before this Court and answer this *Complaint for Damages*;

(b)     for general damages in an amount to be determined by the enlightened conscience of an impartial jury;

(c)     for special damages in an amount to be proven by evidence at trial in the amount of $41,318.00;

(d)     for costs and expenses of this litigation;

5

(e)     for any and all other and further relief that this Court deems just and proper under

the circumstances; and

(f)     for a trial by jury on all issues so triable.


Respectfully submitted this 22nd day of January, 2021.


KENNETH S. NUGENT, P.C.

By:     /s/ Sarah E. Hendrickson
        SARAH E. HENDRICKSON
        Georgia State Bar No.: 873693
        JAN P. COHEN
        Georgia State Bar No.: 174337
        Attorneys for Plaintiff

4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
T: (404) 875-0900
F: (678) 957-8657
shendrickson@attorneykennugent.com
jcohen@attorneykennugent.com



# Notice of Service of Process

**JWG / ALL**
**Transmittal Number: 22696510**
**Date Processed: 02/02/2021**

| | |
|---|---|
| **Primary Contact:** | Scarlett May<br>The Cheesecake Factory Incorporated<br>26901 Malibu Hills Rd<br>Calabasas Hills, CA 91301-5354 |
| **Electronic copy provided to:** | Kurt Leisure<br>Kristen Acaya<br>Joel Shafer<br>Sidney Greathouse |

| | |
|---|---|
| **Entity:** | The Cheesecake Factory Restaurants, Inc.<br>Entity ID Number  1595404 |
| **Entity Served:** | The Cheesecake Factory Restaurants, Inc |
| **Title of Action:** | Tamara Geathers Webb vs. The Cheesecake Factory Restaurants, Inc. |
| **Matter Name/ID:** | Tamara Geathers Webb vs. The Cheesecake Factory Restaurants, Inc.<br>(10916548) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Gwinnett County State Court, GA |
| **Case/Reference No:** | 21-C-00553-S4 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 02/02/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Sarah E. Hendrickson<br>404-875-0900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

E-FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-00553-S
1/25/2021 1:47 PM
Tiana P. Garner
CLERK OF STATE COURT

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Tamara Geathers Webb**

PLAINTIFF

VS.

**The Cheesecake Factory**

**Restaurants, Inc.**

DEFENDANT

CIVIL ACTION NUMBER: __21-C-00553-S4__

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Sarah E. Hendrickson
Kenneth S. Nugent, P.C.
4227 Pleasant Hill Rd, Building 11
Duluth, GA 30096

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___25TH___ day of _____JANUARY_____ , 20_21_ .

Tiana P. Garner,
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

21-C-00553-S4
1/25/2021 1:47 PM

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of ~~Fulton~~ GWINNETT _____ County

~~Tiana P. Garner~~ CLERK OF STATE COURT

| For Clerk Use Only | |
|---|---|
| Date Filed _____ <br> **MM-DD-YYYY** | Case Number __21-C-00553-S4__ |

**Plaintiff(s)**
Geathers Webb, Tamara

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
The Cheesecake Factory Restaurants, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Sarah E. Hendrickson          **State Bar Number** _____   **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐   Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                              **Case Number**

☑   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐   Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____   **Language(s) Required**

☐   Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - N
CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**21-C-00553-S**
**1/25/2021 1:47 PI**

*Tiana P. Garne*
CLERK OF STATE COUR

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

|                                         |     |                          |
|-----------------------------------------|-----|--------------------------|
| TAMARA GEATHERS WEBB,                   |  :  |                          |
|                                         |  :  |                          |
| **Plaintiff,**                          |  :  |                          |
|                                         |  :  | **CIVIL ACTION FILE NO.:** |
| **v.**                                  |  :  | **21-C-00553-S4**        |
|                                         |  :  |                          |
| THE CHEESECAKE FACTORY                  |  :  |                          |
| RESTAURANTS, INC.                       |  :  |                          |
|                                         |  :  |                          |
| **Defendant.**                          |  :  |                          |

### PLAINTIFF'S FIRST REQUEST TO ADMIT TO DEFENDANT THE CHEESECAKE FACTORY RESTAURANTS, INC.

COMES NOW TAMARA GEATHERS WEBB, Plaintiff in the above-styled action, by and through her counsel of record, and hereby serves her First Request to Admit upon THE CHEESECAKE FACTORY RESTAURANTS, INC., Defendant, and requests that it respond in writing and in a timely manner.

### REQUEST TO ADMIT

1.

Please admit that you were properly served with a copy of the *Summons* and *Complaint for Damages*.

2.

Please admit that venue is proper in the State Court of Gwinnett County.

3.

Please admit that jurisdiction is proper in this case as to this Defendant.

4.

Please admit that you are a proper party to this action.

5.

Please admit that the incident at issue in this case occurred on June 13, 2019 at the Cheesecake Factory Restaurant, located at 3393 Peachtree Road NE, Suite 3076A, Atlanta, Georgia 30326.

6.

Please admit that on the date of the incident at issue in this case you owned the Cheesecake Factory Restaurant, located at 3393 Peachtree Road NE, Suite 3076A, Atlanta, Georgia 30326.

7.

Please admit that on the date of the incident at issue in this case you operated the Cheesecake Factory Restaurant, located at 3393 Peachtree Road NE, Suite 3076A, Atlanta, Georgia 30326.

8.

Please admit that on the date of the incident at issue in this case you were responsible for maintaining the premises of the Cheesecake Factory Restaurant, located at 3393 Peachtree Road NE, Suite 3076A, Atlanta, Georgia 30326.

9.

Please admit that Plaintiff was exercising due care for her own safety at the time of the Incident.

10.

Please admit that Plaintiff did nothing wrong with regard to said Incident.

2

11.

Please admit that Plaintiff was not contributorily negligent in said Incident.

12.

Please admit that Plaintiff did not assume the risk of injury with regard to said Incident.

13.

Please admit that at the time of the incident described in the *Complaint for Damages*, the chair fell, causing the Plaintiff to fall.

14.

Please admit that at the time of the incident described in the *Complaint for Damages*, the floor was unreasonably slippery, causing the Plaintiff to fall.

15.

Please admit that at the time of the incident described in the *Complaint for Damages*, Plaintiff's fall resulted in her serious personal injuries.

16.

Please admit that the Plaintiff was injured at the premises located at 3393 Peachtree Road NE, Suite 3076A, Atlanta, Georgia 30326.

17.

Please admit that at the time of the incident described in the *Complaint for Damages*, the barstools were unstable and unsuitable, or otherwise defective.

18.

Please admit that the barstool and/or furniture in the waiting room constituted an unreasonably dangerous condition.

3

19.

Please admit that you failed to properly maintain and/or monitor your furniture.

20.

Please admit that you failed to replace your furniture.

21.

Please admit that you failed to warn Plaintiff about the dangerous and/or hazardous condition on your property, thereby causing Plaintiff to sustain serious injuries.

22.

Please admit that your failure to use due care was the proximate cause of the Incident and Plaintiff's resulting injuries.

23.

Please admit that you were solely responsible for the Incident.

24.

Please admit that one of your employees and/or agents witnessed Plaintiff's fall.

25.

Please admit that one of your employees and/or agents called the emergency services after Plaintiff's fall.

Respectfully submitted this 22nd day of January, 2021.

**KENNETH S. NUGENT, P.C.**

By:   */s/ Sarah E. Hendrickson*
      SARAH E. HENDRICKSON
      Georgia State Bar No.: 873693
      JAN P. COHEN
      Georgia State Bar No.: 174337
      *Attorneys for Plaintiff*

4

4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
T: (404) 875-0900
F: (678) 957-8657
shendrickson@attorneykennugent.com
jcohen@attorneykennugent.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served *Plaintiff's Request to Admit to Defendant* by

personal service, delivered to the following address:

The Cheesecake Factory Restaurants, Inc. ***Defendant Pro Se***
*By and through its Registered Agent*
*Corporation Service Company*
40 Technology Parkway South, Suite 300
Norcross, Georgia 30092

Respectfully submitted this 22nd day of January, 2021.

KENNETH S. NUGENT, P.C.

By:      */s/ Sarah E. Hendrickson*
SARAH E. HENDRICKSON
Georgia State Bar No.: 873693
JAN P. COHEN
Georgia State Bar No.: 174337
*Attorneys for Plaintiff*

4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
T: (404) 875-0900
F: (678) 957-8657
shendrickson@attorneykennugent.com
jcohen@attorneykennugent.com

6

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-00553-S**
**1/25/2021 1:47 PM**

*Tiana P. Garner*
CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TAMARA GEATHERS WEBB,          :
                              :
    **Plaintiff,**          :
                              :
                              :          **CIVIL ACTION FILE NO.:**
**v.**                        :          **21-C-00553-S4**
                              :
                              :
**THE CHEESECAKE FACTORY**     :
**RESTAURANTS, INC.**          :
                              :
    **Defendant.**         :

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE CHEESECAKE FACTORY RESTAURANTS, INC.

COMES NOW TAMARA GEATHERS WEBB, Plaintiff in the above-styled action, by and through her counsel of record, and hereby serves his First Request for Production of Documents upon THE CHEESECAKE FACTORY RESTAURANTS, INC., Defendant. Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendant produce responses to the requests made herein at 10:00 a.m. on the forty-fifth (45th) day from the date of service of this request at Kenneth S. Nugent, P.C., 4227 Pleasant Hill Road, Building 11, Duluth, Georgia 30096. The requested documents, recordings, and tangible things described herein shall be produced on the same date, unless prior arrangements are made to produce these documents at another date, time, and location, which are mutually agreed to by counsel for the parties.

### I. INSTRUCTIONS

A.    This Request for Production of Documents shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, so as to require Defendant to serve upon Plaintiff supplemental responses if Defendant, Defendant's attorneys or any person acting on Defendant's behalf obtains further documents or information between the time the answers are served and the

time of trial.  Such documents or information shall be furnished to Plaintiff within thirty (30) days after possession of such information or documents are discovered.

B.      If you object to part of a Request and refuse to answer that part, state your objection and answer the remaining portion of that Request.  If you object to the scope or time period of the Request and refuse to answer for that scope or time period, state your objection and answer the Request for the scope or time period you believe is appropriate.

C.      If any of the following Requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any manner, please set forth the details of such qualifications.

D.      In the event you wish to assert the attorney-client privilege, the work-product exclusion or any other privilege as to any document requested by any of the following specific Requests, then as to each document subject to such assertion, you are requested to provide Plaintiff with an identification of such document in writing, such identification to include: the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom each copy or original was circulated, the names appearing on any circulation list of plaintiffs associated with such document, and a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

E.      Whenever production is requested of a document which is no longer in the possession, custody, or control of Defendant, Defendant's response should identify the document

2

by name, number, form or description, and by date made, and the date which the document was most recently in Defendant's possession, custody, or control, the disposition made of the document, and the identity of the person or persons now in possession, custody or control of such document. If the document has been lost or destroyed, the response should state the reason for its loss or destruction and the identity of the person or persons who lost or destroyed the document and who directed that the document be destroyed.

F.    It is requested that Defendant organize and label the documents produced hereunder to correspond with the categories numbered in these Requests.

## II. DEFINITIONS

A.    As used herein, the term "document" whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act, and shall include without limitation, the following items, whether original, master or copy, printed, recorded, filmed, reproduced by any process, written, or produced by hand, that are or have been in the possession, control, or custody of Defendant, whether or not claimed to be privileged against discovery on any grounds, namely: agreements; notes and memoranda; papers; communications, including intra-company and inter-company communications; letters; correspondence; cablegrams; radiograms; telegrams; telexes; facsimiles; e-mails; evaluations; summaries, records and minutes of telephone conversations, meetings or conferences, including lists of persons in attendance at the conversations, meetings or conferences; summaries and records of personal conversations or interviews; reports and/or summaries of investigations and/or surveys; opinions and reports of consultants and experts; reports and summaries of negotiations; any type of sound or visual production materials, including tape recordings and film; computer records; computer discs; computer or business machine printouts; computer

3

databases; files or programs; medical records; publications; calendars; datebooks; diaries; journals; charts; compilations; studies; plans; sketches; drawings; maps; photographs; books; manuals; brochures; pamphlets; catalogs; catalog sheets; advertisements and circulars; trade letters; press and publicity releases; articles of incorporation; bylaws; minutes of board of directors meetings; office manuals; employee manuals; company rules and regulations, drafts or originals; telephone logs or records; calling card billing statements; credit card billing statements; telephone billing statements; invoices; receipts; expense reports; expense vouchers; cancellation notices; collection notices; financial statements; bank statements; deposit slips; checks; ledgers; payroll stubs; paycheck receipts; vouchers; accountant's work papers, statements, writings, and/or notations of records of meetings; contracts; promissory notes; leases; loan agreements; preliminary notes or marginal comments appearing on any document; stenographic or handwritten notes; every copy where the original is not in the possession, custody or the control of the party answering these interrogatories; every copy where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original; other reports and records; any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced, that are in the possession, custody or control of either Defendant or Defendant's agents, attorneys, or representatives.

      B.     As used herein, the term "Plaintiff" is intended to and shall designate TAMARA GEATHERS WEBB.

      C.     As used herein, the terms "Defendant," "you," and/or "your" shall mean or refer to THE CHEESECAKE FACTORY RESTAURANTS, INC., and Defendant's consultants,

4

agents, representatives, attorneys, investigators, and any others acting for or on behalf of Defendant.

D.       As used herein, the term "person" shall include, without limitation, an individual, natural person, firm, partnership, corporation, proprietorship, association, union, governmental body, or any other organization or entity.

E.       The singular, plural, masculine, feminine, or neuter form of any noun or pronoun shall be read and be applied as including its other forms, as circumstances may make appropriate.

F.       As used herein, the terms "and" and "or" shall mean and/or.

G.       As used herein, the term "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation, including relationship to other events.

H.       As used herein, the terms "specify," "identify," or "describe" in addition to any meaning given within an Interrogatory, when used in reference to:

(1)       An individual shall mean to state his or her full name, present or last known business and residence address (designating which) and business and residence telephone numbers (designating which), the name and address of his or her employer and his or her relationship to Defendant.

(2)       A firm, partnership, corporation, proprietorship, association, or other organization or entity shall mean to state its full name and present or last known address and telephone numbers (designate which) and the legal form of such entity or organization.

(3)       An act, action or omission shall mean to state a description of the act, the date(s) on which it occurred, where it occurred, the identity of the person or persons

performing said act (or, in the case of an omission, the person or persons failing to act), the identity of all persons who have knowledge, information, or belief about the act, when the act or omission first became known to you, and the circumstances and manner in which you first obtained such knowledge.

(4)    A communication shall mean to state the date, location, and nature of the communication, the identity of the communicator and communicatee, the subject matter and substance of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto and identify any documents memorializing or constituting the communication, and, if the communication was by telephone, the telephone number from which the communication originated and the telephone number called.

I.     As used herein, *"Complaint for Damages"* means the complaint Plaintiff filed to initiate this action, as well as any amended complaint(s) Plaintiff has filed or may file in this action.

J.     As used herein, the "Incident" shall refer to the Incident giving rise to the Plaintiff's *Complaint for Damages.*

### III. REQUEST FOR PRODUCTION OF DOCUMENTS

1.

All statements identified in response to Plaintiff's Interrogatory No. 4.

2.

All reports identified in response to Plaintiff's Interrogatory No. 5.

3.

All investigation files and reports identified in response to Plaintiff's Interrogatory Nos. 6

or 7.

4.

All surveillance videotapes or digital recordings which recorded any events at the Cheesecake Factory Restaurant located at 3393 Peachtree Road NE, Suite 3076A, Atlanta, Georgia 30326 on the date of the Incident.

5.

Any and all photographs and/or videotapes or digital recordings which recorded any portion of the Incident complained of or any events in the thirty minutes before or thirty minutes after the Incident.

6.

Any CV, reports, or records provided to you by any expert witness identified in response to Plaintiff's Interrogatory No. 10. Please also produce all materials relied upon by each expert in formulating his or her opinions and conclusions and any correspondence, whether written or electronic, exchanged between you, or anyone acting on your behalf, and each expert.

7.

Any CV, reports, or records provided to you by any expert witness identified in response to Plaintiff's Interrogatory No. 11. Please also produce all materials relied upon by each expert in formulating his or her opinions and conclusions and any correspondence, whether written or electronic, exchanged between you, or anyone acting on your behalf, and each expert.

8.

The last known contact information, including telephone numbers and home addresses, for any witnesses or employee(s) identified in your response to Plaintiff's Interrogatories and any written or recorded statements made by or taken of such witness or employee(s) as a result of the

Incident at issue.

9.

All records, documents, and video which reflect, record, document, or relate to any inspection or maintenance of the area where Plaintiff's fall occurred on the date of the Incident.

10.

All documents and things, including, but not limited to, employees handbooks, training manuals, policy manuals, videotapes, CD-ROMs, DVDs, bulletins, or memoranda, which contain the Defendant's policy for the periodic inspection or maintenance of the patron accessible areas of the store at issue, specifically including, but not limited to, the area where Plaintiff fell.

11.

Any and all photographs, videos, sketches, transparencies, and/or drawings of any person, party, scene, or any other object or thing relative to the Incident giving rise to this action and/or the claims asserted in Plaintiff's *Complaint for Damages*.

12.

All reports of any type, which have not otherwise been produced in response to these Requests, concerning the Incident, including any reports that were prepared by you or on your behalf.

13.

All surveillance movies or photographs that have been made that contain, include, or pertain to the Plaintiff.

8

14.

Any and all insurance agreements, contracts, and/or policies under which any insurance company or other insurer may be liable to satisfy part or all of any judgment which may be entered in this action or may be liable to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance or umbrella policy.

15.

All documents identified in response to Plaintiff's First Interrogatories which have not already been produced in response to the preceding requests.

16.

All documents and tangible things which you contend support any defense you have raised.

17.

All documents and things, including, but not limited to, employees' handbooks, training manuals, policy manuals, videotapes, CD-ROMs, DVDs, bulletins, or memoranda, which contain the Defendant's policy for the periodic inspection, cleaning, or maintenance of the area where the Incident occurred.

18.

All documents, photographs, videotapes or drawings identified in response to Plaintiff's Interrogatory No. 24.

19.

Any and all documents, statements, bills, medical records, notes concerning Plaintiff's

9

medical care on the date of the Incident.

20.

Any and all documents identified in response to Plaintiff's Interrogatory Nos. 25 and 26.

21.

Any and all documents identified in response to Plaintiff's Interrogatory Nos. 29 and 30.

22.

Any and all documents identified in response to Plaintiff's Interrogatory No. 31.

Respectfully submitted this 22nd day of January, 2021.

**KENNETH S. NUGENT, P.C.**

By:    */s/ Sarah E. Hendrickson*
SARAH E. HENDRICKSON
Georgia State Bar No.: 873693
JAN P. COHEN
Georgia State Bar No.: 174337
*Attorneys for Plaintiff*

4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
T: (404) 875-0900
F: (678) 957-8657
shendrickson@attorneykennugent.com
jcohen@attorneykennugent.com

10

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served *Plaintiff's Request for Production of Documents to Defendant* by personal service, delivered to the following address:

The Cheesecake Factory Restaurants, Inc. ***Defendant Pro Se***
*By and through its Registered Agent*
*Corporation Service Company*
40 Technology Parkway South, Suite 300
Norcross, Georgia 30092

Respectfully submitted this 22nd day of January, 2021.

KENNETH S. NUGENT, P.C.

By:     */s/ Sarah E. Hendrickson*
SARAH E. HENDRICKSON
Georgia State Bar No.: 873693
JAN P. COHEN
Georgia State Bar No.: 174337
*Attorneys for Plaintiff*

4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
T: (404) 875-0900
F: (678) 957-8657
shendrickson@attorneykennugent.com
jcohen@attorneykennugent.com

11

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-00553-S**
1/25/2021 1:47 PI

*Tiana P. Garner*
CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TAMARA GEATHERS WEBB,                :
                                     :
     Plaintiff,                     :
                                     :         CIVIL ACTION FILE NO.: **21-C-00553-S4**
                                     :
v.                                   :
                                     :
THE CHEESECAKE FACTORY               :
RESTAURANTS, INC.                    :
                                     :
     Defendant.                     :

### PLAINTIFF'S FIRST INTERROGATORIES TO
### DEFENDANT THE CHEESECAKE FACTORY RESTAURANTS, INC.

COMES NOW TAMARA GEATHERS WEBB, Plaintiff in the above-styled action, by and through her counsel of record, and hereby serves her First Interrogatories upon THE CHEESECAKE FACTORY RESTAURANTS, INC. Defendant. These Interrogatories are to be answered upon oath, and the responses are to be served upon the undersigned counsel within forty-five days (45) from the date of service by mail.

### I. INSTRUCTIONS

A.    When used in these Interrogatories, the term Defendant or any synonym thereof is intended to and shall embrace and include, in addition to Defendant, all agents, servants, representatives, private investigators and others who may have obtained information for or on behalf of Defendant.

B.    These Interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, so as to require Defendant to serve upon Plaintiff supplemental responses if Defendant, Defendant's attorneys, or any person acting on Defendant's behalf obtains further documents or information between the time the answers are served and the time of trial. Such supplemental responses are to be filed and served upon Plaintiff within thirty (30) days after

receipt of such documents or information.

C.    In answering these Interrogatories, furnish all information available to you, including information in the possession of your attorneys or their investigators, and all persons acting on your behalf, and not merely such information known of your own personal knowledge.

D.    If you object to a part of any Interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory.  If you object to the scope or time period of an Interrogatory and refuse to answer for that scope or time period, state your objection and answer the Interrogatory for the scope or time period you believe is appropriate.

E.    If any of the Interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any manner, please set forth the details of such qualifications.

F.    In the event you wish to assert attorney-client privilege, work product exclusion or any other privilege, as to any information, knowledge or fact requested by any of the following Interrogatories, then as to each such Interrogatory subject to such assertion, you are requested to provide Plaintiff with an identification of such claimed privileged information, knowledge or fact in sufficient detail to permit the Court to reach a determination as to the asserted privilege in the event of a motion to compel, and an indication of the basis for assertion of privilege or the like.

## II. DEFINITIONS

A.    As used herein, the term "document" whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil

Practice Act, and shall include without limitation, the following items, whether original, master or copy, printed, recorded, filmed, reproduced by any process, written, or produced by hand, that are or have been in the possession, control or custody of Defendant, whether or not claimed to be privileged against discovery on any grounds, namely: agreements; notes and memoranda; papers; communications, including intra-company and inter-company communications; letters; correspondence; cablegrams; radiograms; telegrams; telexes; facsimiles; e-mails; evaluations; summaries, records and minutes of telephone conversations, meetings or conferences, including lists of persons in attendance at the conversations, meetings or conferences; summaries and records of personal conversations or interviews; reports and/or summaries of investigations and/or surveys; opinions and reports of consultants and experts; reports and summaries of negotiations; any type of sound or visual production materials, including tape recordings and film; computer records; computer discs; computer or business machine printouts; computer databases; files or programs; medical records; publications; calendars; datebooks; diaries; journals; charts; compilations; studies; plans; sketches; drawings; maps; photographs; books; manuals; brochures; pamphlets; catalogs; catalog sheets; advertisements and circulars; trade letters; press and publicity releases; articles of incorporation; bylaws; minutes of board of directors meetings; office manuals; employee manuals; company rules and regulations, drafts or originals; telephone logs or records; calling card billing statements; credit card billing statements; telephone billing statements; invoices; receipts; expense reports; expense vouchers; cancellation notices; collection notices; financial statements; bank statements; deposit slips; checks; ledgers; payroll stubs; paycheck receipts; vouchers; accountant's work papers, statements, writings, and/or notations of records of meetings; contracts; promissory notes; leases; loan agreements; preliminary notes or marginal comments appearing on any document;

3

stenographic or handwritten notes; every copy where the original is not in the possession, custody or the control of the party answering these interrogatories; every copy where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original; other reports and records; any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced, that are in the possession, custody or control of either Defendant or Defendant's agents, attorneys, or representatives.

B.      As used herein, the term "Plaintiff" is intended to and shall designate TAMARA GEATHERS WEBB.

C.      As used herein, the terms "Defendant," "you," and/or "your" shall mean or refer to THE CHEESECAKE FACTORY RESTAURANTS, INC., and Defendant's consultants, agents, representatives, attorneys, investigators, and any others acting for or on behalf of Defendant.

D.      As used herein, the term "person" shall include, without limitation, an individual, natural person, firm, partnership, corporation, proprietorship, association, union, governmental body, or any other organization or entity.

E.      The singular, plural, masculine, feminine, or neuter form of any noun or pronoun shall be read and be applied as including its other forms, as circumstances may make appropriate.

F.      As used herein, the terms "and" and "or" shall mean and/or.

G.      As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation, including relationship to other events.

4

H.      As used herein, the terms "specify," "identify," or "describe" in addition to any meaning given within an interrogatory, when used in reference to:

(1)      An individual shall mean to state his or her full name, present or last known business and residence address (designating which) and business and residence telephone numbers (designating which), the name and address of his or her employer and his or her relationship to Defendant.

(2)      A firm, partnership, corporation, proprietorship, association or other organization or entity shall mean to state its full name and present or last known address and telephone numbers (designate which) and the legal form of such entity or organization.

(3)      An act, action or omission shall mean to state a description of the act, the date(s) on which it occurred, where it occurred, the identity of the person or persons performing said act (or, in the case of an omission, the person or persons failing to act), the identity of all persons who have knowledge, information or belief about the act, when the act or omission first became known to you, and the circumstances and manner in which you first obtained such knowledge.

(4)      A communication shall mean to state the date, location, and nature of the communication, the identity of the communicator and communicatee, the subject matter and substance of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto and identify any documents memorializing or constituting the communication and if the communication was by telephone, the telephone number from which the communication originated and the telephone number called.

I.      As used herein, "*Complaint for Damages*" means the complaint Plaintiff filed to initiate this action, as well as any amended complaint(s) Plaintiff has filed or may file in this action.

J.      As used herein, the "Incident" shall refer to the Incident giving rise to the Plaintiff's *Complaint for Damages*.

## III. INTERROGATORIES

### 1.

Please state the name, address, and telephone number of each individual:

(a)     Who witnessed the Incident or the events occurring immediately before or after the Incident;

(b)     Who heard any statements made about the Incident by any individual at the scene;

(c)     Who you or anyone acting on your behalf claims to have knowledge of the Incident; and

(d)     Who you or anyone acting on your behalf claims to have knowledge of the Plaintiff's damages arising out of the Incident.

### 2.

For each of your employees physically present at the time and place of the Incident, please state:

(a)     His or her name, address and telephone number;

(b)     Job title as of date of Incident;

(c)     Whether she or he was on duty at the time of the Incident;

(d)     The job or function she or he was performing at the time of the Incident; and

(e)     Whether she or he is presently employed with the Defendant.

6

3.

Have you or anyone acting on your behalf interviewed any individual concerning the Incident?  If so, for each individual, please state:

(a)     The name, address, and telephone number of the individual interviewed;

(b)     The date of the interview; and

(c)     The name, address, and telephone number of the person who conducted the interview.

4.

Have you or anyone acting on your behalf obtained a written or recorded statement from any individual, including the Plaintiff, concerning the Incident?  If so, for each statement, please state:

(a)     The name, address, and telephone number of the individual from whom the statement was obtained;

(b)     The name, address, and telephone number of the individual who obtained the statement;

(c)     The date the statement was obtained; and

(d)     The name, address, and telephone number of each person who has the original statement or a copy.

5.

Does the Defendant have the original or a copy of any accident or incident reports prepared by Plaintiff or any person employed by Defendant or any person acting on Defendant's behalf pertaining to the Incident alleged in the *Complaint for Damages*?  If so, please state:

(a)     The company form name or number;

(b)     The date of any such report;

(c)     The name of the person who completed such report; and

(d)     Whether or not Plaintiff was given a copy of said report.

6.

Please state whether any investigations or other reports were prepared, compiled, submitted, or made by or on behalf of the Defendant in the regular course of business as a result of this Incident.

7.

If the answer to the foregoing Interrogatory is in the affirmative, please enumerate and identify the investigations or reports by:

(a)     Date;

(b)     Subject matter;

(c)     Name, address, and job classifications of the person or persons making or rendering same;

(d)     Name and address of the person or persons to whom directed the investigations or reports to be made;

(e)     The name, address, and present whereabouts of the person who has present custody and/or control of any reports or investigation files, whether written or electronic; and

(f)     The purpose of such investigation or report.

8.

Please state whether or not a surveillance video camera was operating on the premises at the time of the Incident which forms the subject matter of Plaintiff's *Complaint for Damages*. If your answer is yes, please state:

(a)     Whether any such camera(s) was(were) actually operational and in use at the time of the Incident;

(b)     Whether the camera(s) recorded any inspections performed of the premises on the date of the Incident;

(c)     Whether the camera(s) recorded any portion of the Incident complained of or any events in the thirty minutes before or thirty minutes after the Incident;

(d)     The present location of any videotape or digital recording which recorded any inspections actually performed on the date of the Incident, any portion of the Incident complained of, or any events in the thirty minutes before or thirty minutes after the Incident; and

(e)     Your policy for retaining and maintaining videotapes or digital recordings of injuries which occur on your premises.

9.

As to the area where Plaintiff's Incident occurred, please state:

(a)     The name(s) and address(es) of the person(s) who was (were) charged with the responsibility of maintaining that area on the date of the Incident;

(b)     The complete name(s) and address(es) of the person(s) who was (were) charged with the responsibility of inspecting that area on the date of the Incident;

(c)     The complete name and address of the entity who employed the person(s) identified in subparts (a) and (b) above;

(d)     If said person(s) is employed by an entity other than the Defendant, the nature of said entity's relationship to the Defendant (i.e. landlord, subsidiary, independent contractor, etc.);

(e)     Identify all documents which record, document, or relate to the duties and responsibilities for the inspection or maintaining of that area on the date of the Incident; and

9

(f)      Identify all documents or video which record or document any actual inspection or maintaining of that area on the date of the Incident.

10.

Please identify any person that this Defendant expects to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert:

(a)      Describe his/her qualifications as an expert;

(b)      State the subject matter upon which s/he is expected to testify;

(c)      State his/her opinions and include a summary of the grounds for each opinion;

(d)      Identify all documents which have been exchanged with each witness, including reports and billing statements and payments;

(e)      Describe the financial arrangements with the expert;

(f)      Identify by caption, court, and name of attorneys representing the Plaintiff(s) and Defendant(s) in all actions in which the expert has provided testimony in the five years preceding your response;

(g)      Identify all documents your expert reviewed, considered or relied upon in any way in forming his/her opinions; and,

(h)      Identify all documents (including, but not limited to, videotapes and photographs) prepared by each witness which relate to the subject matter of this lawsuit.

11.

Please state the name and address of any witness or expert who is known to you who might have any information or opinion concerning any matter which may be involved in the within lawsuit, including, but not limited to any expert with whom you have discussed any

10

matter relating to this case, whether or not such person is, or is not, expected to be called as a witness at trial.

12.

Please identify each insurance policy or policies which would be or may be used to satisfy or indemnify part or all of the judgment which may be entered in this case, including:

(a)     The writer of said policy or policies;

(b)     The local agent or representative who sold said policy or policies;

(c)     The policy number or numbers;

(d)     The policy coverage limits; and

(e)     The named insured or insureds.

13.

Please state whether or not there was any excess liability or "umbrella" insurance policy in effect as of the date of the Incident which would be or may be used to satisfy or indemnify part or all of the judgment which may be entered in this case, including:

(a)     The writer of said policy or policies;

(b)     The local agent or representative who sold said policy or policies;

(c)     The policy number or numbers;

(d)     The policy coverage limits; and

(e)     The named insured or insureds.

14.

Please state if any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

11

15.

Please identify each staff member of the subject Restaurant, who was on duty on the date of the Incident, including:

    (a)    His or her name, address and telephone number;

    (b)    The beginning and ending times of each staff member's shift; and

    (c)    Whether each staff member is presently employed with the Defendant. (If any such staff member is no longer employed by Defendant, please state his or her last known address and telephone number.)

16.

Was the area where the Incident occurred marked with a caution sign of any sort, either before or after Plaintiff's fall?  If so, please describe the sign and state:

    (a)    When the sign was placed;

    (b)    Where it was placed;

    (c)    The specific reason for placing the sign;

    (d)    The name and current contact information of the employee who requested the sign to be placed and the employee who placed the sign.

17.

Have any changes or modifications been made to the area of the premises where the Incident occurred since the date of the Incident.  If so, please state:

    (a)    A description of the nature of each repair and/or replacement and/or alteration;

    (b)    The date of the modifications;

    (c)    The name, title and address of each person, department, company and/or agency

12

who repaired and/or altered and/or replaced such items; and

(d)    Whether the modifications were made as a result of this Incident or any similar incidents.

### 18.

Please identify every act or event that supports each and every affirmative defense you have raised.

### 19.

Please identify any person, business, or entity you claim is a necessary party to this action or may have any liability to Plaintiff for the Incident.

### 20.

Please identify any party you contend is an improper party to this action, and state any facts you allege support any such contention.

### 21.

Please describe in detail how the incident occurred, giving all facts concerning the details of the events before, at the time of, and after the Incident, which you believe contributed to the Incident.

### 22.

Please describe in detail any conversations that your employees or agents had with Plaintiff before and after the Incident.

### 23.

Please identify if any person called the emergency services after the Plaintiff's fall.

13

24.

Please identify if you have any knowledge of any photographs, videotapes or drawings of the scene of the Incident, the Plaintiff or Plaintiff's injuries. If applicable, please describe such photographs, videotapes or drawings and give the name and address of the person having custody and control thereof.

25.

Please identify any and all incidents that occurred on the premises of the subject Restaurant in the past ten (10) years. If applicable, please state:

(a)     Date of any such incident;

(b)     Name, address and telephone number of any injured person;

(c)     A brief description of the incident, including the type of furniture or surface on which the person involved in such incident slipped and/or fell;

(d)     A brief description of the injuries suffered by any person involved in each such incident; and

(e)     Whether any such incident resulted in a claim and/or lawsuit, and if so, the name of each claimant, date of filing of each such claim and/or lawsuit, the civil number, if any, and a summary of the disposition of each such claim or lawsuit.

26.

Please state whether there been any incidents involving falls on the premises of the subject Restaurant in the past ten (10) years. If applicable, please state:

(a)     Date of any such incident;

14

(b)     Name, address and telephone number of any injured person;

(c)     A brief description of the incident, including the type of furniture or surface on which the person involved in such incident slipped and/or fell;

(d)     A brief description of the injuries suffered by any person involved in each such incident;

(e)     Whether any such incident resulted in a claim and/or lawsuit, and if so, the name of each claimant, date of filing of each such claim and/or lawsuit, the civil number, if any, and a summary of the disposition of each such claim or lawsuit.

27.

Were there any contracts or agreements with other individuals or entities regarding the cleaning, maintenance or inspection of the premises where the Plaintiff fell as described in the *Complaint for Damages*? If so, please state:

(a)     The identity of the contracting parties;

(b)     The address and telephone number of the contracting parties;

(c)     The duties of the contracting parties.

28.

Have there been any audits, inspections or evaluations of the area where the Plaintiff fell for the past five years?

29.

Please identify the barstools and any furniture that Defendant used on its premises in the bar area, including:

15

(a)     The date when such barstools and furniture were first purchased;

(b)     The name, title and address of each person, department, company and/or agency who supplied such barstools or furniture;

(c)     Any and all information or documents describing the weight-bearing capacity of such barstools or furniture; and

(d)     How often such barstools or furniture was replaced and the last date when said barstools and furniture were replaced.

30.

Have there been any complaints in regards to the barstools of the subject premises? If so, please state:

(a)     The date of such complaint and/or report;

(b)     Whether or not you have or maintained any documentary material of any kind or nature relating or referring to such complaints and/or reports;

(c)     What action, if any, was taken by Defendant and/or its employees or agents with respect to such complaint and/or report.

31.

Have there been any complaints in regards to the slippery floor of the subject premises? If so, please state:

(a)     The date of such complaint and/or report;

(b)     Whether or not you have or maintained any documentary material of any kind or nature relating or referring to such complaints and/or reports;

16

(c)     What action, if any, was taken by Defendant and/or its employees or agents with respect to such complaint and/or report.

Respectfully submitted this 22nd day of January, 2021.

                            **KENNETH S. NUGENT, P.C.**

                            By:     */s/ Sarah E. Hendrickson*
                                        SARAH E. HENDRICKSON
                                        Georgia State Bar No.: 873693
                                        JAN P. COHEN
                                        Georgia State Bar No.: 174337
                                        *Attorneys for Plaintiff*

4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
T: (404) 875-0900
F: (678) 957-8657
shendrickson@attorneykennugent.com
jcohen@attorneykennugent.com

17

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served *Plaintiff's Interrogatories to Defendant* by

personal service, delivered to the following address:

The Cheesecake Factory Restaurants, Inc. ***Defendant Pro Se***
*By and through its Registered Agent*
*Corporation Service Company*
40 Technology Parkway South, Suite 300
Norcross, Georgia 30092

Respectfully submitted this 22nd day of January, 2021.

KENNETH S. NUGENT, P.C.

By:     */s/ Sarah E. Hendrickson*
        SARAH E. HENDRICKSON
        Georgia State Bar No.: 873693
        JAN P. COHEN
        Georgia State Bar No.: 174337
        *Attorneys for Plaintiff*

4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
T: (404) 875-0900
F: (678) 957-8657
shendrickson@attorneykennugent.com
jcohen@attorneykennugent.com

18