IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAMARA GEATHERS WEBB,

      Plaintiff,

v.

THE CHEESECAKE FACTRY
RESTAURANTS, INC.,

      Defendant.

CIVIL ACTION FILE

NO. 1:21-CV-0923-MHC

## ORDER

This case comes before the Court on Defendant's Motion for Summary

Judgment [Doc. 27] and Plaintiff's Motion for Leave to File Statement of Disputed

Facts [Doc. 35].

## I.      BACKGROUND[1]

---

[1] At the outset, the Court notes that as this case is before it on Defendant's Motion
for Summary Judgment, the Court views the evidence presented by the parties in
the light most favorable to the nonmovant, Plaintiff Tamara Geathers Webb
("Webb"), and has drawn all justifiable inferences in favor of Webb. Matsushita
Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Sunbeam TV
Corp. v. Nielsen Media Rsch., Inc., 711 F.3d 1264, 1270 (11th Cir. 2013). In
addition, the Court has excluded assertions of facts that are immaterial or presented
as arguments or legal conclusions or any fact not supported by citation to evidence
(including page or paragraph number). LR 56.1B(1), NDGa. Further, the Court
accepts as admitted those facts in Defendant's Statement of Material Facts ("Def.'s

The above-styled personal injury lawsuit arises out of an accident resulting in alleged damages to Webb that occurred on June 13, 2019, when she was a patron of the Cheesecake Factory restaurant at Lenox Square Mall.  Def.'s SMF ¶ 1; Compl. for Damages ("Compl.") [Doc. 1-1 at 2-7] ¶¶ 5-6; Dep. Tr. of Tamara Geathers Webb (Oct. 21, 2021) ("Webb Dep.") [Doc. 28] at 77.  On the afternoon in question, Webb entered the restaurant by herself and walked in and sat down on a high-top chair toward the end of the bar.  Webb Dep. at 79-80; Video from June 13, 2019, attached as Ex. 5 to Def.'s Mot. for Summ. J. ("Video") [Doc. 29] at 22:35 to 23:05.  Webb had eaten at the restaurant previously and also had sat at the bar when she ate there.  Def.'s SMF ¶ 2.  To get to the chair near the end of the bar where she sat, Webb first walked through the bar area, including walking directly behind the chair she ultimately sat in, prior to approaching the chair from the opposite side of the entrance and accessing her seat.  Def.'s SMF ¶ 3; Webb Dep. at 105, 114; Video at 22:35 to 23:05.

After entering the restaurant, Ms. Webb noticed that the floor of the restaurant was "very glossy," "shiny," and had a "high shine," but it was not wet. Def.'s SMF ¶¶ 4, 6; Webb Dep. at 80, 82, 85-86, 104, 124-25, 127.  Once Webb

---

SMF") [Doc. 27-2] because they have not been specifically controverted with citation to the relevant portions of the record.  See LR 56.1B(2), NDGa.

accessed her chair, she sat down on the front half of the chair and scooted the chair

up to the bar and ordered soup, which arrived approximately seven minutes after

she ordered it. Webb Dep. at 89; Video at 23:05 to 29:55. As her food was being

delivered over her left shoulder, Webb scooted her chair back in order to let the

food be placed on the bar in front of her and she then scooted her chair forward.

Def.'s SMF ¶ 8; Webb Dep. at 90, 109-10; Video at 29:55 to 30:04. It is while

Webb attempted to move her chair forward again that the chair fell out from under

her and she landed on her right hand and then "[her] shoulder, [her] butt." Def.'s

SMF ¶ 10; Webb Dep. at 90-92, 109-10; Video at 30:04. After the fall, Webb did

not feel any wetness on the ground. Webb Dep. at 103. Webb remained on the

ground for approximately ten seconds, got up with the assistance of a restaurant

patron, sat back down on the front half of the same chair, and scooted it back up to

the bar where she remained for approximately thirty minutes. Id. at 110-12, 116,

120; Video at 30:04 to 1:01:50.

While Webb was seated in the chair at the bar after the fall, she completed

and signed an Incident Report form that was provided to her. Cheesecake Factory

Incident Report ("Incident Report") [Doc. 28-4]; Video at 39:40. Webb

summarized the incident as follows:

> I ordered soup at the bar. When the waiter brought the soup at the bar
> and slightly moved myself while remaining in the chair over, so he

> could place the soup at the bar.  I then slightly moved it to position it
> so I can begin to eat and suddenly the chair slipped from under my body
> and I suddenly and very hardly landed on the floor, my dress flew
> upward, the chair went backward, my butt, hand (both) arm, elbow,
> immediately began to hurt me.  Two people that was sitting at the bar
> ran to help me off the floor [sic].

Incident Report.  Webb provided a Cheesecake Factory representative with the

completed and signed Incident Report, arose from her chair, walked without

assistance around and behind the chair and exited the restaurant under her own

power.  Webb Dep. at 101-02, 110; Video at 1:02:45 to 1:03:30.

Based on the foregoing factual allegations, Webb filed a lawsuit on January

25, 2021, in the State Court of Gwinnett County, Georgia, asserting a single count

of negligence.  Compl. ¶¶ 18-25.  The case was removed to this Court on March 4,

2021.  Notice of Removal [Doc. 1].

## II.   PLAINTIFF'S MOTION FOR LEAVE TO FILE STATEMENT OF DISPUTED FACTS

Plaintiff acknowledges that she failed "to a file a separate response to

Defendant's Statement of Undisputed Facts, as required by Local Rule 56.1" and

seeks leave to file an out of time response to Defendant's Statement of Material

Facts so that Plaintiff's claims can be adjudicated on their merits.  Pl.'s Br. in

Supp. of her Mot. for Leave to File a Statement of Disputed Facts [Doc. 35-1] at 1-

2.  Plaintiff claims that she has submitted a proposed response to Defendant's

4

statement of undisputed facts, however Plaintiff's proposed response is a "Statement of Disputed Facts" which does not address Defendant's statement of undisputed facts. See Pl.'s Statement of Disputed Facts in Resp. to Def.'s Mot. for Summ. J. [Doc. 35-1 at 9-10].

Under Local Rule 56.1B(1), "[a] movant for summary judgment shall include with the motion and brief a separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried." Local Rule 56B(2)(a) requires the respondent to a summary judgment motion to file a response to the movant's statement of facts. The rule provides in relevant part:

> This Court will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or page number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1 B(1).

LR 56.1 B(2)(a)(2), NDGa. Local Rule 56.1 is not a "mere technicality" because "[t]he rule is designed to help the court identify and organize issues in the case." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1302 (11th Cir. 2009) (citing Reese v. Herbert, 527 F.3d 1253, 1268 (11th Cir. 2008)).

5

Defendant filed a Statement of Material Facts.  See Def.'s SMF.  As Plaintiff admits, Plaintiff did not respond to Defendant's Statement of Material Facts. Additionally, Plaintiff's present Motion for Leave to File Statement of Disputed Facts fails to address Defendant's Statement of Material Facts.  Moreover, Plaintiff does not attempt to show excusable neglect or otherwise explain why she failed to respond to Defendant's Statement of Material Facts in the first instance.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  FED. R. CIV. P. 6 (b)(1)(B). Courts have made clear that

> an extension of the time period is by no means a matter of right.  A request for an extension under Rule 6(b)(1)(B) should be made upon formal application for an order in compliance with the provisions of Rule 7(b) relating to motions.  Because Rule 7(b)(1) requires that the application state with particularity the grounds therefor, the movant should allege the facts constituting excusable neglect and the mere assertion of excusable neglect unsupported by facts has been held to be insufficient.

Charles Alan Wright et al., 4B Fed. Prac. & Proc. Civ. § 1165 (4th ed. Apr. 2017 Update).  In determining whether excusable neglect exists, "courts consider all relevant circumstances, including the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

6

Endurance Am. Specialty Ins. Co. v. Quran Bolden Mgmt., LLC, 1:18-CV-4008-LMM, 2019 WL 5586544, at *2 (N.D. Ga. Sept. 20, 2019) (quotation and citation omitted).

Because Plaintiff (1) makes no attempt to provide excusable neglect or explain her failure to file a timely response to Defendant's Statement of Material Facts and (2) fails to attempt to address Defendant's Statement of Material Facts, the Court **DENIES** Plaintiff's Motion for Leave to File Statement of Disputed Facts. Accordingly, the Court disregards her proposed Statement of Disputed Facts. See Reese, 527 F.3d at 1268 ("The proper course in applying Local Rule 56.1 at the summary judgment stage is for a district court to disregard or ignore evidence relied on by the respondent—but not cited in its response to the movant's statement of undisputed facts—that yields facts contrary to those listed in the movant's statement."). Because Plaintiff has not complied with local Rule 56.1, the Court, having reviewed Defendant's citations to the record, adopts the facts in Defendant's Statement of Material Facts for which there is evidentiary support. See Hampton v. Atzert, 590 F. App'x 942, 944 (11th Cir. 2014) ("[A] district court will accept each of the movant's facts admitted at summary judgment unless the nonmovant directly refutes these facts with concise responses."). However, the

Court will still review Defendant's citations to the record to determine if there is, indeed, no genuine issue of material fact.

> [B]ecause the non-moving party has failed to comply with Local Rule 56.1–the only permissible way for it to establish a genuine issue of material fact at that stage—the court has before it the functional analog of an unopposed motion for summary judgment. Although the statements contained in [the movant's] Statement of Material Facts are deemed admitted, this court must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact. Even in an unopposed motion, the moving party still bears the burden of identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact. That is, the movant is not absolved of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record.

Mann, 588 F.3d at 1303 (internal punctuation and citation omitted).

## III.   LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment has the burden of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate

inferences from the facts are jury functions," and cannot be made by the district court in considering whether to grant summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999).

If a movant meets its burden, the party opposing summary judgment must present evidence demonstrating a genuine issue of material fact or that the movant is not entitled to judgment as a matter of law. Celotex, 477 U.S. at 324. In determining whether a genuine issue of material fact exists, the evidence is viewed in the light most favorable to the party opposing summary judgment, "and all justifiable inferences are to be drawn" in favor of that opposing party. Anderson, 477 U.S. at 255; see also Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999). A fact is "material" only if it can affect the outcome of the lawsuit under the governing legal principles. Anderson, 477 U.S. at 248. A factual dispute is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Id. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper. Matsushita, 475 U.S. at 587.

9

## IV.   GEORGIA PREMISES LIABILITY

> Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

O.C.G.A. § 51-3-1.  A plaintiff in a premises liability action must show: "(i) the existence of a defective or hazardous condition on the premises; (ii) that the defendant had either actual or constructive knowledge of this condition; and (iii) that the plaintiff had no knowledge of the condition, despite the exercise of ordinary care."  Warner v. Hobby Lobby Stores, Inc., 321 Ga. App. 121, 123 (2013) (citations omitted).

> The law is clear that the basis for an owner's liability for injury occurring to another while on the owner's property is the owner's superior knowledge of the danger or defect which was the proximate cause of the injury.  The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property.  It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted.

Garnett v. Mathison, 179 Ga. App. 242, 242 (1986) (citation and quotation omitted).  The "threshold issue is whether there is any evidence of a condition that would subject an invitee to an unreasonable risk of injury," i.e., whether there is in fact a hazard or unsafe condition.  Gibson v. Symbion, Inc., 277 Ga. App. 721, 722 (2006).

10

> Premises liability lies at the intersection of tort law and property law. To recover on a theory of premises liability, a plaintiff must show injury caused by a hazard on an owner or occupier of land's premises or approaches that the owner or occupier should have removed in the exercise of ordinary care for the safety of the invited public. When a premises liability cause of action is based on a "trip and fall" or "slip and fall" claim — and the lion's share of premises liability cases are — we have refined this general test down to two specific elements. The plaintiff must plead and prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control.

Am. Multi-Cinema, Inc. v. Brown, 285 Ga. 442, 444 (2009); see also Robinson v. Kroger Co., 268 Ga. 725, 748-49 (1997) ("[a]n invitee is charged with exercising ordinary care for personal safety . . . .").

"In premises liability cases, proof of a fall, without more, does not give rise to liability on the part of a proprietor." Sunlink Health Sys., Inc. v. Pettigrew, 286 Ga. App. 339, 341 (2007). "Where the plaintiff cannot show the existence of a hazardous condition, she cannot prove the cause of her injuries and there can be no recovery because an essential element of negligence cannot be proven." Glynn-Brunswick Mem. Hosp. Auth. v. Benton, 303 Ga. App. 305, 307 (2010). At the summary judgment stage, to create a question of fact as to the existence of a hazardous condition, a plaintiff must offer some evidence that the condition of the location where the incident occurred "constituted an unreasonable risk of harm."

11

Flagstar Enters., Inc. v. Burch, 267 Ga. App. 856, 858 (2004). "Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment." Brown v. Amerson, 220 Ga. App. 318, 320 (1996).

## V.   DISCUSSION

Defendant argues that it is entitled to summary judgment because (1) Webb fails to identify any hazardous condition, and (2) there is no evidence that Defendant had superior knowledge of any alleged hazardous condition. Def.'s Mem. of Law in Supp. of its Mot. for Summ. J. ("Def.'s Br.") [Doc. 27-1] at 5-10.

### A.   There is No Evidence of a Hazardous Condition.

"Whether a hazardous condition exists is the threshold question in a slip and fall case." Drew v. Istar Fin., Inc., 291 Ga. App. 323, 325 (2008). "Where the plaintiff cannot show the existence of a hazardous condition, she cannot prove the cause of her injuries and there can be no recovery because an essential element of negligence cannot be proven." Benton, 303 Ga. App. 305, 307 (2010). At the summary judgment stage, to create a question of fact as to the existence of a hazardous condition, a plaintiff must offer some evidence that the condition of the location where the slip occurred "constituted an unreasonable risk of harm." Flagstar Enters., Inc. v. Burch, 267 Ga. App. 856, 858 (2004). "Guesses or

speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment." <u>Brown</u>, 220 Ga. App at 320. "Rather, the plaintiff must produce evidence 'of what foreign substance, condition, or hazard caused [her] to slip and fall.'" <u>Benton</u>, 303 Ga. App. at 307 (quoting <u>Mansell v. Starr Enters./Texaco</u>, 256 Ga. App. 257, 258 (2002)).

In this case, the uncontroverted evidence is that Webb fell to the ground after her chair fell out from under her. Although Webb repeatedly and consistently alleged that the floor was very "glossy" and "shiny," there is no evidence of a hazardous condition that constituted an unreasonable risk of harm. Webb maintains that the undisputed evidence is that the floor upon which she fell had a high level of gloss and speculates that this "reduced friction" caused her to fall. Pl.'s Resp. to Def.'s Mot. for Summ. J. [Doc. 30] at 2-3. However, Webb has not presented any evidence beyond speculation that a hazardous condition caused her to fall.

The Court finds that Webb has failed to present any evidence sufficient to create a question of material fact as to whether a hazardous condition caused her fall.

> Proof of the occurrence of an injury, without more, is insufficient to establish liability on the part of a proprietor. In order to recover, the

13

> plaintiff must prove that the defendant had superior knowledge of a
> dangerous condition that was unknown to the plaintiff and that caused
> the plaintiff's injuries.   Without evidence of the existence of a
> dangerous condition, there can be no evidence that the defendant had
> any knowledge of the danger, and therefore no recovery for the
> plaintiff.

Metts v. Wal-Mart Stores, Inc., 269 Ga. App. 366, 367 (2004) (citation omitted).

Put another way,

> The plaintiff must introduce evidence which affords a reasonable basis
> for the conclusion that it is more likely than not that the conduct of the
> defendant was a cause in fact of the result.  A mere possibility of such
> causation is not enough; and when the matter remains one of pure
> speculation or conjecture, or the probabilities are at best evenly
> balanced, it becomes the duty of the court to grant summary judgment
> for the defendant.  Likewise, it is a well settled principle of negligence
> law that the occurrence of an unfortunate event is not sufficient to
> authorize an inference of negligence.

Hardnett v. Silvey, 285 Ga. App. 424, 426 (2007) (citation and quotation omitted).

The Georgia Court of Appeals' opinion in Glynn-Brunswick Mem'l Hosp.

Auth. v. Benton, is factually analogous and particularly informative:

> [T]o create a question of fact as to the existence of a hazardous
> condition, a plaintiff cannot rely upon speculation . . . .  Guesses or
> speculation which raise merely a conjecture or possibility of a
> hazardous condition are not sufficient to create even an inference of fact
> for consideration on summary judgment.  Rather, the plaintiff must
> produce evidence of what foreign substance, condition, or hazard
> caused her to slip and fall.

Benton, 303 Ga. App. at 307 (internal punctuation, citations and quotations

omitted).  In Benton, the plaintiff testified that the hospital floor was "extremely

14

slick," but she did not know why, and she admitted she did not see any hazardous substance on the floor. Id. at 307-08. The appellate court reversed the trial court's denial of the hospital's motion for summary judgment, finding that the plaintiff's testimony that she slipped on a slick floor was "insufficient to create an inference that a hazardous condition, in fact, existed." Id. at 308.

Similarly, although Webb contends the floor was "very glossy" and "shiny," she has not identified any substance that caused her chair to slip out from under her. Any argument that her fall was caused by a hazardous condition is pure conjecture and her testimony about the "glossy" and "shiny" floor does not create a genuine issue of material fact regarding causation. See Kennington v. Kroger Co., 1:15-CV-1169-MHC, 2016 WL 7974073, at *3 (N.D. Ga. Oct. 14, 2016) (granting summary judgment to the premises owner where the plaintiff "never saw water at the location of her fall. She can only speculate that water on the floor caused her to fall, and that Kroger's purported negligence resulted in the presence of the water."); see also Canaan Props., Inc. v. Herrington, 330 Ga. App. 17, 19-20 (2014) (reversing denial of summary judgment where the plaintiff admitted uncertainty as to what caused his fall); Taylor v. Thunderbird Lanes, LLC, 324 Ga. App. 167, 170 (2013) (affirming summary judgment for the bowling alley where the plaintiff did not present sufficient evidence that a hazardous substance caused

her to slip and fall, rejecting plaintiff's speculation that oil caused her to slip); H.J. Wings & Things v. Goodman, 320 Ga. App. 54, 55-56 (2013) (holding that store was entitled to summary judgment where plaintiff admitted she "did not see any foreign substance on the floor that caused her to fall" and only "speculated that she fell because the floor was heavily waxed, as it appeared to be 'really slippery and shiny looking.'"); Willingham Loan & Realty Co. v. Washington, 311 Ga. App. 535, 536 (2011) (holding that plaintiff failed to show the existence of a hazardous condition on the exterior staircase of her apartment complex, even though there was an accumulation of ice and plaintiff previously complained about loose steps, because plaintiff did not know specifically what caused her fall); Benton, 303 Ga. App. at 307 (affirming summary judgment where plaintiff slipped on extremely slick floor but offered no proof of anything that made it hazardous); Drew, 291 Ga. App. at 325 (affirming summary judgment to defendant where plaintiff "failed to present any evidence that she was exposed to a hazardous condition presenting an unreasonable risk of harm."); Pinckney v. Covington Athletic Club & Fitness Ctr., 288 Ga. App. 891, 893-94 (2007) (affirming summary judgment because plaintiff's belief that algae on a pool deck caused her fall was only speculation and conjecture which did not create a genuine issue of fact as to the existence of a hazardous condition); Flagstar, 267 Ga. App. at 858 (2004) (reversing denial of summary

16

judgment to defendant because plaintiff's conjecture that a "damp film" on a

restaurant floor somehow caused his fall was nothing more than mere speculation);

Moore v. Teague, 255 Ga. App. 220, 220-21 (2002) (affirming grant of summary

judgment where plaintiff assumed she slipped on wet floor but did not actually

know if the floor was wet); Shadburn v. Whitlow, 243 Ga. App. 555, 556 (2000)

(holding that a hotel was entitled to summary judgment when witnesses "believed"

plaintiff fell on loose carpeting at the top of a stairwell, but also admitted that they

were not certain what caused the fall).

Accordingly, the Court finds that there is insufficient evidence to create a

genuine issue of material fact regarding the existence of a hazardous condition that

constituted an unreasonable risk of harm.  Lacking evidence of this essential

element, Webb's negligence claim fails as matter of law.

> Causation is always an essential element in slip or trip and fall cases.
> Where the plaintiff does not know of a cause or cannot prove the cause,
> there can be no recovery because an essential element of negligence
> cannot be proven.  A mere possibility of causation is not enough and
> when the matter remains one of pure speculation or conjecture and the
> probabilities are at best evenly balanced it is appropriate for the court
> to grant summary judgment to the defendant.

Pennington v. WJL, Inc., 263 Ga. App. 758, 760 (2003) (citations omitted); see

also Benton, 303 Ga. App. at 307 (quotation and citation omitted) ("Where the

plaintiff cannot show the existence of a hazardous condition, she cannot prove the

17

cause of her injuries and there can be no recovery because an essential element of

negligence cannot be proven."); Imperial Investments Doraville, Inc. v. Childers,

303 Ga. App. 490, 491 (2010) (holding that the speculative conclusory allegation

that "wrinkly" carpet or duct tape "in the area" caused his fall is merely speculative

and cannot support a verdict); Shadburn, 243 Ga. App. at 556 (affirming trial

court's grant of summary judgment where the plaintiff failed to present any

evidence of a hazardous condition beyond mere speculation that loose carpeting

caused the fall).

### B. There is No Evidence Defendant Had Any Knowledge of a Hazardous Condition.

Even if Webb had presented evidence of a hazardous condition that caused

her to fall, her negligence claim would still fail because of the absence of any

evidence Defendant was aware of any condition that constituted an unreasonable

risk of harm.

In order to recover in this case, Webb must show that: (1) Defendant had

actual or constructive knowledge of the hazard; and (2) Webb was without

knowledge of the hazard despite the exercise of ordinary care. Mucyo v. Publix

Super Markets, Inc., 301 Ga. App. 599, 600 (2009). Webb has presented no

evidence of a hazardous condition, much less any evidence that Defendant was

aware of any condition that constituted an unreasonable risk of harm. Without this

18

essential element, Webb's negligence claim fails as a matter of law.  See Porter v. Omni Hotels, Inc., 260 Ga. App. 24, 25 (2003) (holding that summary judgment was appropriate where evidence that "hazard" consisted of naturally fallen leaves and pine straw and no evidence that defendant had knowledge of any hazardous condition).[2]

Because there is no evidence that Defendant was aware of any condition that constituted an unreasonable risk of harm, Webb's negligence claim fails as matter of law.

---

[2] Webb's failure to address Defendant's argument that Defendant did not have any knowledge of any hazardous condition indicates that Webb does not oppose the argument.  See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (citation omitted) (holding that a party's failure to make arguments on the merits of an issue waives that issue); Kramer v. Gwinnett Cnty., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed"); LR 7.1B, NDGa. ("Failure to file a response shall indicate that there is no opposition to the motion.").

## VI.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant's Motion

for Summary Judgment [Doc. 27] is **GRANTED** and Plaintiff's Motion for Leave

to File Statement of Disputed Facts [Doc. 35] is **DENIED**.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 6th day of June, 2022.

MARK H. COHEN
United States District Judge